UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JEFFREY ASKANAZI, M.D., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-111 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| TIAA-CREF, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

       This is one of several civil actions filed by Jeffrey Askanazi, M.D., in the wake of his criminal conviction in this court on thirty-three counts of mail fraud.  In *United States v. Askanazi*, case no. 1:98-cr-130, a jury found Dr. Askanazi guilty on thirty-three counts of mail fraud arising from illegal billing practices.  Chief Judge Robert Holmes Bell sentenced Dr. Askanazi on August 26, 1999, to consecutive terms of 36-months' imprisonment, followed by three years of supervised release.  The court ordered fines and special assessments exceeding $28,000.00 and restitution in the amount of $411,060.00.  Dr. Askanazi appealed this of right to the Sixth Circuit Court of Appeals, which affirmed both the conviction and the sentence by opinion issued July 12, 2001.

       Dr. Askanazi brought the present civil action in the Allegan County Circuit Court by complaint filed on December 26, 2007.  Named as defendants were TIAA-CREF, Wachovia Bank, and Fifth Third Bancorp.  TIAA-CREF held a section 403(b) qualified deferred annuity contract owned by Dr. Askanazi, which was the subject of a writ of execution issued by the government and approved by this court in 2006.  Wachovia Bank was the custodian of funds held by TIAA-CREF.

TIAA-CREF issued a check drawn on Wachovia in the amount of $31,073.87, representing proceeds of plaintiff's retirement account. After service of the writ of execution, TIAA-CREF stopped payment on the check, and Wachovia Bank honored the stop-payment order. Plaintiff had an account at defendant Fifth Third Bank, into which he deposited the $31,073.87 check drawn on Wachovia. As a result of Wachovia's dishonor of the check, an overdraft was created in Dr. Askanazi's Fifth Third Bank account. In his state-court complaint, Dr. Askanazi asserts that TIAA-CREF violated his rights under ERISA and that the two banks were guilty of "simple incompetence, malfeasance, and destructive malevolence." (Compl. at 1).

By notice of removal filed February 1, 2008, defendants removed this action from the Allegan County Circuit Court on the basis of plaintiff's invocation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1101-1461. While the case was still pending in state court, defendants Wachovia Bank and Fifth Third Bancorp filed motions for summary judgment, supported by records relevant to the banking transactions outlined above. Upon review of the record, I conclude that Dr. Askanazi's claims are both frivolous and malicious and that the bank defendants are entitled to judgment in this case. I further conclude that the ERISA claim against TIAA-CREF is barred by *res judicata* and should be dismissed *sua sponte*.

### Applicable Standard

As the Sixth Circuit has noted, the federal courts have entered a "new era" in summary judgment practice. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1478-81 (6th Cir. 1989). While preserving the constitutional right of civil litigants to a trial on meritorious

claims, the courts are now vigilant to weed out fanciful, malicious, and unsupported claims before trial. Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Tatis v. U.S. Bancorp*, 473 F.3d 672, 675 (6th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *See Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 251-52); *see also Staunch v. Continental Airlines, Inc.*, 511 F.3d 625, 628-29 (6th Cir. 2008).

The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hamilton v. Starcom Mediavest Group, Inc.*, 522 F.3d 623, 627 (6th Cir. 2008). The party moving for summary judgment bears the initial burden of pointing out to the district court that there is an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *Moore v. Philip Morris Companies, Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). Once defendant shows that "there is an absence of evidence to support the nonmoving party's case," plaintiff has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Arendale v. City of Memphis*, 519 F.3d 587, 593 (6th Cir. 2008); *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006). To sustain this burden, plaintiff may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007); *Kessler v. Visteon Corp.*, 448 F.3d 326, 329 (6th Cir. 2006); *see Citizens*

*for Tax Reform v. Deters*, 518 F.3d 375, 379 (6th Cir. 2008) ("To survive summary judgment, the non-movant must provide evidence beyond the pleadings setting out specific facts showing a genuine issue for trial.").

**Discussion**

**I.**

On May 8, 2006, the United States filed an application for writ of execution in *United States v. Askanazi*, case no. 1:98-cr-130, seeking to attach any interest held by Dr. Askanazi in a 403(b) qualified deferment annuity contract held by defendant TIAA-CREF. After proceedings in that case, Chief Judge Bell entered an order for turnover of property pursuant to the writ of execution on July 21, 2006. Thereafter, the court considered and overruled objections by Dr. Askanazi to the order. In compliance with the order for turnover of property, TIAA-CREF paid into the registry of this court two disbursements from Dr. Askanazi's pension account, totaling approximately $28,000.00. In January 2007, Dr. Askanazi sued TIAA-CREF in the Southern District of New York, alleging that defendant's compliance with this court's order somehow violated plaintiff's rights under ERISA. The case was transferred to this court. *Askanazi v. TIAA-CREF*, case no. 1:07-cv-199. By judgment entered February 25, 2008, Judge Bell found that TIAA-CREF had not violated any of plaintiff's rights under ERISA by complying with the court's turnover order. The court further found that the anti-alienation provisions of ERISA do not apply in proceedings to enforce a criminal fine or restitution obligation. In the present case, plaintiff asserts the same claims against TIAA-CREF that Judge Bell has now reviewed and rejected at least twice in previous proceedings.

The law does not allow a litigant "the luxury of returning to federal court with the

same set of facts until he succeeds in alleging a federal cause of action." *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 779 (6th Cir. 2000). Under the doctrine of *res judicata*, or claim preclusion, a second lawsuit is barred where: (1) a court of competent jurisdiction entered a final decision on the merits in the first action; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) the causes of action are identical. *Id.* In the present case, each of the four elements of *res judicata* is present. Judge Bell entered a final decision on the merits in *Askanazi v. TIAA-CREF*, by judgment entered February 25, 2008. The fact that his decision is on appeal does not rob it of its finality for *res judicata* purposes. *See Smith v. SEC*, 129 F.3d 356, 362 n.7 (6th Cir. 1997) (*en banc*). Second, the parties are the same. Third, the present action raises the same issue actually litigated in the previous case, namely, whether TIAA-CREF violated plaintiff's rights under ERISA by honoring the court's writ of execution. Finally, the causes of action are identical. Identity of causes of action means an identity of the facts creating the right and of the evidence necessary to sustain each action. *See Begala*, 214 F.3d at 779. In the present case, Dr. Askanazi seeks to again raise the same operative facts in an effort to overturn the effect of the writ of execution. Plaintiff's attempts to relitigate the same claims rejected by Judge Bell in the previous case is barred by the doctrine of *res judicata*.

The answer filed by TIAA-CREF asserted *res judicata* as an affirmative defense. (docket # 13, 18th Affirmative Defense). TIAA-CREF, however, has not filed a motion for summary judgment on this defense. Nevertheless, in a clear case of claim preclusion, the court is allowed to raise the affirmative defense of *res judicata sua sponte*. *See Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 756-57 (6th Cir. 2003); *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d

1211, 1212 (6th Cir. 1999). This is because the doctrine of *res judicata* serves not only private interests but also the interest of the judicial system in preventing waste of resources and the undermining of final judgments. Before the court can act on a defense raised *sua sponte*, however, it is required to give plaintiff fair notice of its intention to dismiss the case on this ground and an opportunity to address the issue. *See Bass v. Janney Montgomery Scott, Inc.*, 152 F. App'x 456, 458 (6th Cir. 2005); *Habich v. City of Dearborn*, 331 F.3d 524, 534 n.4 (6th Cir. 2003). Therefore, this report and recommendation shall serve as notice to Dr. Askanazi of the court's possible dismissal of his claims against TIAA-CREF on the basis of *res judicata*. Plaintiff's ability to object to this report and recommendation will provide him with an opportunity to address the issue if he desires to do so.

## II.

On June 15, 2006, TIAA-CREF issued check no. 3000358130, drawn on TIAA-CREF's bank account at defendant Wachovia Bank. The check was payable to plaintiff's bank account at defendant Fifth Third Bancorp in the amount of $31,073.87. TIAA-CREF deposited the check into plaintiff's bank account at Fifth Third. The next day, June 17, 2006, TIAA-CREF issued a stop-payment order to Wachovia because of the issuance of this court's writ of execution, which was served on TIAA-CREF in the State of New York on June 16, 2006. Wachovia honored its customer's stop-payment order. Dr. Askanazi asserts that Wachovia somehow violated his rights in doing so.

In honoring its customer's stop-payment order, Wachovia merely complied with the absolute obligation created by section 4-403 of the Uniform Commercial Code (UCC). Under both

the common law and the UCC, a check is merely an order to a bank to make payment; the drawer of the check has the right to revoke the order before it is carried out. *First City Nat'l Bank v. DeMar*, 383 N.Y.S. 2d 992, 993 (Civ. Ct. 1976); *C.I.T. Credit Corp. v. Guarantee Bank & Trust Co.*, 161 F. Supp. 790, 791 (D. Mass. 1958). Plaintiff, as payee of the check, has no claim against the bank for honoring its customer's stop-payment order. Plaintiff's claim, if any, is against the maker of the check on the underlying debt, not against the bank. *See DeGuvera v. Sure-Fit Prods.*, 165 N.W.2d 418, 420 (Mich. Ct. App. 1968); *accord* 6C ANDERSON ON THE UNIFORM COMMERCIAL CODE § 4-403:60 (2000 rev.) ("Whether or not stopping payment imposes liability of the customer to the holder, it does not impose any liability of the bank to the holder."). However, as set forth above, plaintiff has no conceivable claim against the bank customer, TIAA-CREF, which was merely abiding by its obligation to honor the orders of this court.

### III.

After the check for $31,073.87 was deposited in plaintiff's bank account at Fifth Third Bancorp, plaintiff made withdrawals against these uncollected funds. On June 22, 2006, Fifth Third was notified of Wachovia's dishonor of the $31,073.87 check, pursuant to the stop-payment order issued by TIAA-CREF. This created an overdraft of approximately $29,000.00 in the Fifth Third account. Plaintiff alleges that Fifth Third acted improperly, but his vague complaint does not detail the exact nature of his claim against the bank arising from this series of transactions.

Fifth Third has asserted that plaintiff is not the real party in interest for any claim arising from these transactions, which occurred in June of 2006. The basis of Fifth Third's assertion is plaintiff's filing of a voluntary petition in bankruptcy. The records of the bankruptcy court, of

which this court may take judicial notice, indicate that Dr. Askanazi, acting through counsel, filed a voluntary Chapter 7 petition (case no. 07-01704) on March 10, 2007, and that the bankruptcy proceeding remains pending and unresolved. Under the Bankruptcy Code, with exceptions not relevant here, all legal or equitable interests of the debtor in property as of the commencement of the case belong to the bankruptcy estate. 11 U.S.C. § 541(a)(1). This includes any cause of action belonging to the debtor as of the date the petition is filed. *See In re Parker*, 499 F.3d 616, 624 (6th Cir. 2007). Fifth Third is therefore correct in arguing that plaintiff's claims against the bank arising from transactions in 2006, if any he has, belong to the bankruptcy trustee. Plaintiff's claims against Fifth Third Bancorp must therefore be dismissed, without prejudice to the ability of the trustee to pursue those claims, in the trustee's sole discretion.

## Recommended Disposition

For the foregoing reasons, I recommend that the motion of Wachovia Bank (docket # 9) and the motion of Fifth Third Bancorp for summary judgment (docket # 10) be granted. I further recommend that the court dismiss the claims against TIAA-CREF *sua sponte* on the ground of *res judicata*.

Dated:  June 27, 2008              /s/  Joseph G. Scoville
                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474

U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).