UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| JEFFREY ASKANAZI, M.D., | |
| Plaintiff, | Case No. 1:08-cv-111 |
| v. | Honorable Robert Holmes Bell |
| TIAA-CREF, et al., | |
| Defendants. | **MEMORANDUM OPINION** |

This is a civil action brought by a former criminal defendant in this court. (*See United States v. Askanazi*, case no. 1:98-cr-130). The present case is brought against TIAA-CREF, a company providing pension plan services, and two banks. Plaintiff's claims against these defendants arise from their honoring of a writ of execution and turnover order issued by this court in 2006 to satisfy part of plaintiff's restitution obligation in the criminal case. On June 27, 2008, Magistrate Judge Joseph G. Scoville issued a report and recommendation in response to the motions of Wachovia Bank and Fifth Third Bancorp for summary judgment. The report and recommendation concluded that defendants' motion was meritorious and should be granted. The report and recommendation further suggested that all claims against TIAA-CREF should be dismissed *sua sponte* on grounds of *res judicata*, as those claims are barred by this court's judgment in a previous civil case, *Askanazi v. TIAA-CREF*, case no. 1:07-cv-199.

Plaintiff has filed objections to the report and recommendation. The objections, barely one-half page in length, are virtually unintelligible. Nevertheless, the court is required to

afford *de novo* review to objections to the report and recommendation of a magistrate judge on dispositive matters. FED. R. CIV. P. 72(b).

Plaintiff first asserts that his claims against TIAA-CREF are not related to the previous garnishment in the criminal case but to representations made by their agent that "the check is in the mail." Assuming such a statement was made, no conceivable state or federal claim could arise from such a representation by the pension plan company. The record in this court shows that on June 15, 2006, TIAA-CREF issued check no. 3000358130, drawn on TIAA-CREF's bank account at defendant Wachovia Bank and made payable to plaintiff's account at defendant Fifth Third Bancorp. TIAA-CREF deposited the check into plaintiff's bank account at Fifth Third. On the next day, however, this court's writ of execution was served on TIAA-CREF at its home office. TIAA-CREF therefore issued a stop-payment order to Wachovia Bank. In doing so, TIAA-CREF was merely honoring this court's writ. The check had indeed been "in the mail," but this court's writ required TIAA-CREF to freeze plaintiff's assets. The magistrate judge is correct in concluding that plaintiff's present claims are part of the same cause of action involved in *Askanazi v. TIAA-CREF*, case no. 1:07-cv-199, in which judgment was entered against plaintiff on February 25, 2008.

With respect to defendant Wachovia, plaintiff asserts that "the issue is the failure to alert when a check of this magnitude is stopped." Wachovia bank had no relationship with plaintiff and was not required to advise him of anything. As the magistrate judge correctly concluded, the payee of a check has no claim against a bank for honoring its customer's stop-payment order.

Finally, the magistrate judge concluded that any claim against Fifth Third Bancorp now belongs to plaintiff's trustee in bankruptcy. Plaintiff advances no fact or argument that would undermine this patently correct conclusion.

Having conducted a *de novo* review of plaintiff's plainly meritless objection, the court concludes that defendants Wachovia Bank and Fifth Third Bancorp should be granted summary judgment. Further, plaintiff has had notice and an opportunity to respond to the suggestion that the claim against TIAA-CREF should be dismissed on grounds of *res judicata*, and plaintiff has put forth no cogent reason why this recommendation should not be adopted.

A judgment against plaintiff will enter forthwith.

Date:     July 16, 2008                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE